UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No. 1:19-cv-03014

Mitchell W. Dominick,
Ashley N. Scott,
    Plaintiffs,

v.

LexisNexis Risk Solutions Inc.,
    Defendant.

## COMPLAINT

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1331 and the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq.

2. Plaintiffs are residents of Pueblo West, CO.

3. Defendant LexisNexis Risk Solutions Inc. ("LN") is a Georgia corporation located at 1000 Alderman Dr, Alpharetta, GA 30005.

4. Defendant LN is in the business of selling consumer reports to creditors called "Risk View" reports, which include information about whether the person applying for credit has judgments.

5. As described by Defendant LN on its website "No court filings indicate higher creditworthiness. Evidence of derogatory court filings indicate financial stress or a potential unwillingness to pay."

6. On September 13, 2019, Plaintiffs applied for a personal mortgage loan with Fairway Independent Mortgage Corporation ("Fairway").

7. Fairway ordered a "Risk View" consumer report on the Plaintiffs from Defendant LN for the price of $52.

8. On September 13, 2019, Defendant LN sold a "Risk View" consumer report about Plaintiffs to Fairway, which contained inaccurate, incomplete, and misleading information about Plaintiffs.

9. More specifically, Defendant LN falsely informed Fairway that Plaintiffs had outstanding judgments from 2016 in favor of Continental Collection Agency, RD Fuller Company, and Wakefield & Associates.

10. In reality, these judgments were void since 2017 because the Plaintiffs filed Chapter 7 bankruptcy, included these creditors in their bankruptcy, and received a discharge order.

11. The bankruptcy code renders these judgments void as a matter of law:

> (a) A discharge in a case under this title—
>     (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

*11 U.S.C. § 524(a)(1).*

## COUNT I, FAIR CREDIT REPORTING ACT (FCRA)

12. Plaintiffs re-allege and incorporate the above paragraphs as if fully set out herein.

13. Defendant LN negligently and willfully violated the FCRA, 15 U.S.C. § 1681e(b), by failing to follow reasonable procedures to ensure maximum possible accuracy of the information in Plaintiffs' consumer reports.  A reasonable procedure would be to ensure that whenever a judgment is voided by operation of law in a bankruptcy filing, that the judgments are no longer reporting on the person's LN Risk View consumer report.  This is especially true because the Risk View report already contains information on the consumers' bankruptcy

filing history, and so LN would be in an excellent position to delete voided judgments prior to selling the Risk View report.  As a matter of company policy, LN has made the choice to not delete voided judgments because its customers, banks and lenders, prefer maximum possible information, instead of maximum possible accuracy, and therefore LN has made the choice to sell reports with full knowledge that they are likely not accurate, particularly when a person has filed bankruptcy and had pre-bankruptcy judgments entered against them.

14. Defendant's violations of the FCRA have caused Plaintiffs actual damages, including lost credit opportunities, embarrassment, emotional distress, and inconvenience.

WHEREFORE, Plaintiffs pray for the following relief:

   a. Actual damages to be determined at trial;
   b. Punitive damages to be determined at trial;
   c. Attorney Fees and costs if Plaintiffs are the prevailing party at trial;
   d. For such other relief as may be proper.

s/ Matthew R. Osborne
11178 Huron St., Ste 7
Northglenn, CO 80234
(303) 759-7018
matt@mrosbornelawpc.com

*Attorney for Plaintiff*

**PLAINTIFFS DEMAND TRIAL BY JURY**